**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JANICE DORSEY                                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:08cv398 DPJ-JCS

SIMON PROPERTY GROUP, L.P., ET AL.                                                  DEFENDANTS

## ORDER

This personal injury action is before the Court on Defendants' Motion for Summary Judgment [77]. The Court, having considered the parties' submissions and relevant authorities, finds that the motion is well-taken and should be granted.

**I.      Facts and Procedural History**

On August 2, 2006, Plaintiff Janice Dorsey fell while on an escalator in Northpark Mall in Ridgeland, Mississippi. She alleges that Defendants Simon Property Group, L.P., Northpark Mall Operating Company, LLC, Northpark Mall Limited Partnership, Northpark Mall Residual 1, L.L.C., and Northpark Mall Residual 1 Limited Partnership (collectively "Northpark Mall") negligently failed to exercise reasonable care in protecting invitees. Additionally, Plaintiff asserts that Defendant KONE, Inc., who was responsible for all repairs and maintenance of the escalator, was negligent in failing to properly maintain the escalator.

Plaintiff filed suit in the Circuit Court of Madison County, Mississippi in June 2008. Defendants timely removed the action to this Court based on diversity jurisdiction. After discovery, Defendants filed the summary judgment motion currently before the Court.

## II.    Analysis

### A.    Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party must inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial."  *Id*. at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000).

B. <u>Defendants' Summary Judgment Motion</u>[1]

1. *Claims Against KONE*

a. <u>Negligence</u>

Plaintiff maintains that KONE negligently failed to properly maintain the escalator. In Mississippi, a party asserting a claim for negligence must establish by a preponderance of the evidence that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the defendant's breach caused the plaintiff to suffer damages; and (4) a causal connection between the defendant's breach and the plaintiff's damages. *Gulledge v. Shaw*, 880 So. 2d 288, 292-93 (Miss. 2004). Accordingly, Plaintiff must demonstrate that KONE was "[n]egligent in its maintenance and repair of the [escalator] and that this negligence caused it to malfunction that day." *Rudd v. Montgomery Elevator Co.*, 618 So. 2d 68, 72 (Miss. 1993). KONE clearly had a legal duty, and there is no dispute Plaintiff was injured. Breach of duty and causation are contested.

Plaintiff's case is complicated by the lack of credible record evidence demonstrating why she fell. Although her expert offers certain opinions based in large part on his review of a grainy surveillance tape, the expert report is not competent evidence because "[u]nsworn expert reports do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." *Provident Life & Acc. Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (citations omitted); *see also Nissho-Iwai Am. Corp v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this

---

[1] Mississippi substantive law applies in this diversity action. *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009).

3

circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."); *Queen Trucking, Inc. v. General Motors Corp.*, Civil Action No. 1:06-CV-052-C ECF, 2007 WL 4458919, at *1 (N.D. Tex. June 8, 2007).

The remaining evidence is largely admissible, but paints a confused picture as to the cause of the accident. According to Plaintiff's testimony, the escalator steps jerked causing her to fall and then grab the left-hand handrail with her left hand. Plaintiff's Depo. at 39-40. However, a surveillance video of the fall fails to support her testimony as there is no evidence of the step jerking, and she never touches the left handrail. Her own expert apparently rejects Plaintiff's account claiming instead that the right-hand handrail slipped causing her fall. *See* Defendant's Exh. "3"; Carrajat Depo. at 101. This opinion is not without problems, as the expert agreed that he could not see any slippage on the video, and all of the other passengers on the escalator moved synchronously without incident. Carrajat Depo. at 109. On top of that, Plaintiff's expert offered ten different reasons a handrail could slip, all of which he claimed were progressive problems. *Id*. at 111-14. However, he failed to identify why this particular handrail slipped, assuming it did. *Id*.[2]

Plaintiff also relies on two KONE repair records prior to her accident. On July 13, 2006 and July 14, 2006, repair tickets indicated that the handrail stopped moving and smoke was coming from the escalator. Later, on July 24th, KONE repaired the drive socket and replaced the handrail drive chain on the escalator. Plaintiff and her expert assert that this evidence raises a material issue of fact with respect to KONE's negligence. However, it must be noted that these

---

[2]The Court does not weigh the evidence, but instead notes the absence of competent record evidence regarding the cause of the fall.

records fail to state which handrail was affected. *See* Plaintiff's Exh. "E." Plus, the expert did not know what repairs were performed, Carrajat Depo. at 123, and there is no evidence of any problems in the eight days following the repairs. *Id*. at 121. Finally, although Plaintiff relies on testimony of several witnesses who said the escalator had issues before the accident, those witnesses could not say when those incidents occurred or what caused them.

In light of this record, the case falls under the Mississippi Supreme Court's decision in *Rudd v. Montgomery Elevator Co.* In *Rudd*, an elevator repairman was called to examine an elevator that was stuck between floors. The repairman examined the elevator and found no problems. Later that same day, the plaintiff was on the elevator when it dropped and was again stuck between floors. Plaintiff's expert opined that the repairman failed to detect a misalignment at the fourth floor level. The Mississippi Supreme Court rejected that notion as speculative and affirmed judgment notwithstanding the verdict, holding that

> [a]ll things mechanical are subject to breakdown upon occasion even with the best maintenance. To make a jury issue on liability in this case, it was incumbent upon [plaintiff] to establish by competent evidence that [the defendant] was somehow negligent in its maintenance and repair of the elevator and that this negligence caused it to malfunction that day.

618 So. 2d at 72. The court concluded:

> It might very well be true that [the repairman] somehow missed seeing a misalignment of the roller on November 11, just as it might be true that [the defendant] could have rendered better maintenance and repair service which would have detected and prevented whatever it was that caused the malfunction on November 11. It was incumbent upon Rudd, however, to offer something beyond pure speculation that there was negligence of this nature and that it in fact caused the malfunction. [The expert's] testimony with all reasonable inferences based thereon, carries us no further than simple speculation.

Id. at 73.

In the present case, there is nothing but speculation as to the cause of the fall. Likewise, there is no evidence that the repairs in July 2006 were in any way related to whatever caused the fall August 2, 2006. Even assuming that the handrail slipped, that the July repairs were related to the same issue, and that the slip caused the fall, the escalator still functioned properly for eight days, whereas in *Rudd* the elevator functioned properly for less than a day between the service and the accident. *Id.; see also Stricklin v. Medexpress of Miss., LLC*, 963 So. 2d 568, 571 (Miss. Ct. App. 2007) (affirming summary judgment of negligent maintenance claim for lack of evidence on causation).

Plaintiff contends that *Rudd* was limited in *Mississippi Valley Gas Co. v. Estate of Walker* and that circumstantial evidence is sufficient to demonstrate a material issue of fact. 725 So. 2d 139 (Miss. 1998). Indeed, that court noted that circumstantial evidence may be used to establish negligence "where the circumstances are such as to remove the case from the realm of conjecture and place it within the field of legitimate inference." *Id.* at 145 (citation omitted). However, the court explained that where a "plaintiff in a negligence action has only presented proof that the actual cause was one of a number of possibilities, to enable an inference to be drawn that any particular cause is probable, the other causes must be eliminated." *Id.* at 145-46 (quoting 57A Am. Jur. 2d Negligence § 462 (1989) (footnotes omitted)); *see also Rudd*, 618 So. 2d at 73 (noting that, to survive summary judgment, the plaintiff must "offer something beyond pure speculation that there was negligence of this nature and that it in fact caused the malfunction"). If "it is just as likely that the accident might have occurred from a cause other than defendant's negligence, the inference that [defendant's] negligence was the proximate cause may not be drawn." *Miss. Valley Gas*, 725 So. 2d at 146.

6

Ultimately, *Mississippi Valley Gas Co.* affirmed denial of JNOV, but the facts of that case are distinguishable. There, an employee incorrectly repaired a broken pipeline, the witnesses continued to smell gas after the repair, and the pipe exploded the next day. *Id*. at 146. Here, there were many likely causes of the accident, including the possibility that Plaintiff simply lost her balance when the escalator steps separated as Defendants' expert opined.[3] In any event, the record is devoid of credible evidence suggesting why Plaintiff fell. Even if a mechanical problem caused the fall, we still do not know the cause of the mechanical problem or whether it was attributable to KONE's negligence. *See Stricklin*, 963 So. 2d at 571 ("All things mechanical are subject to breakdown upon occasion even with the best of maintenance." ) (citing *Rudd*, 618 So. 2d at 72). And, unlike *Mississippi Valley Gas Co.*, the escalator functioned properly prior to the incident. *See Rudd*, 618 So. 2d at 73 (finding that speculation regarding a party's negligent maintenance did not raise an issue of fact in the face of evidence that the elevator had operated without incident following maintenance). Therefore, Plaintiff has not established a fact issue with respect to KONE's negligence.

        b.        <u>Res Ipsa Loquitur</u>

Plaintiff's amended complaint contends that the doctrine of res ipsa loquitur is applicable to the claims asserted against both Northpark Mall and KONE. Amended Complaint ¶ 19. In response to Defendants' motion, Plaintiff argues that the doctrine applies to KONE but does not mention Northpark Mall. Although it appears that Plaintiff has conceded the issue as applied to

---

[3] It is difficult to tell from the surveillance video, but the images are at least consistent with this theory.

Northpark Mall, the Court has nevertheless considered the doctrine's application to all Defendants.

The doctrine of res ipsa loquitur allows negligence to be inferred in special situations and "should be cautiously applied." *Powell v. Methodist Health Care-Jackson Hosps.*, 876 So. 2d 347, 349 (Miss. 2004). Res ipsa loquitur applies only when three elements are met:

> First, the defendant must have control and management of the instrumentality causing the plaintiff's injury. Moreover, "the injury must be such that in the ordinary course of things it would not occur if those in control of the instrumentality used proper care." Third and finally, res ipsa loquitur only applies where the injury is not a result of the plaintiff's voluntary act.

*Id.* (citing *Winters v. Wright*, 869 So. 2d 357, 363 (Miss. 2003)) (internal citations omitted).

In reference to the second requirement, the Mississippi Supreme Court has explained that the doctrine is available "only when the accident is such that, according to ordinary human experience, it could not have happened without such negligence." *Winters*, 869 So. 2d at 364 (quoting *Yazoo & M.V.R. Co. v. Skaggs*, 179 So. 274, 277 (Miss. 1938)). Accordingly, "the doctrine does not apply when . . . there has been specific proof which discloses some reasonable explanation for the happening other than the negligence charged against the defendant." *Id.*; *see also Powell*, 876 So. 2d at 347 (holding that res ipsa loquitur does not apply when the cause of the plaintiff's injury could be negligent or non-negligent).

The Court finds that res ipsa loquitur is not applicable in the present case. Plaintiff's accident, a fall on an escalator, is not the type of extraordinary accident that only occurs through some party's negligence. *See Powell*, 876 So. 2d at 349. Defendant provided an expert's affidavit opining that Plaintiff's fall was likely the result of stepping on the escalator at the joint between two stair segments. As stated, this opinion is consistent with the surveillance video and

constitutes specific proof of a reasonable explanation other than Defendants' negligence. *See Winters*, 869 So. 2d at 364. Moreover, the Court notes that Plaintiff's accident is one that could have been caused by Plaintiff simply losing her balance. *See Thomas v. Bradley*, 987 So. 2d 1020, 1026 (Miss. Ct. App. 2008) (refusing to "find that one who slips and falls on a roof would never do so but for a lack of reasonable care"). Because Plaintiff's accident could have happened without Defendants' negligence, res ipsa loquitur does not apply.

    2.    *Claims Against Northpark Mall*

Plaintiff contends that Northpark Mall was negligent by failing to make its premises reasonably safe for her. When ruling on a negligence claim in a premises liability case, the Court considers three elements:

> [F]irst, the court must determine the status of the injured party as invitee, licensee, or trespasser; second, based on the injured's status, the court must determine what duty the landowner/business operator owed the injured party; and third, the court must determine whether the landowner/business operator breached the duty owed the injured party.

*Thomas v. The Columbia Group, LLC*, 969 So. 2d 849, 852 (Miss. 2007). Both parties agree that Plaintiff's status was that of a business invitee at the time of her accident. Accordingly, Northpark Mall owed her a duty of reasonable care in keeping the premises in a reasonably safe condition. *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008).

While Northpark Mall is not an insurer of its invitees' safety, it must keep the premises in a reasonably safe condition and owes "the duty 'to warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care and the duty to conduct reasonable inspections to discover'" such dangerous conditions. *Id.* (citing *Gaines v. K-Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)). Therefore, Northpark Mall's

9

breach of either (1) the duty to keep the premises reasonably safe or (2) the duty to warn of hidden dangers will support a claim of negligence. *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (Miss. 2005).

Plaintiff alleges that Northpark Mall was aware of problems with the escalator prior to Plaintiff's accident. In support of this contention, Plaintiff relies on the deposition testimony of Latanglia Shelton, who allegedly works at Northpark Mall. Plaintiff suggests that Shelton's testimony makes clear that "prior to Mrs. Dorsey's fall other falls and injuries had occurred yet, the records do not show call backs to KONE." Plaintiff's Memo. in Response [83] at 10-11. Shelton's testimony, which is in part based on hearsay statements about what she heard, does include the statement that she experienced the handrail jerking. *Id.* at 32. Shelton did not report the alleged jerking to anyone, *id.* at 32-33, and she does not say which handrail was jerking. As addressed above, the cause of this fall is left to speculation. Moreover, Shelton could not say when she experienced jerking in the handrail. *Id*. at 33. This testimony fails to show that Northpark was on notice.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to demonstrate a triable issue of fact as to Northpark Mall's negligence. To be held liable, Northpark Mall must have known, or at least should have known, of the dangerous condition that caused Plaintiff's injury. *See Pigg*, 991 So. 2d at 1199. Plaintiff's evidence establishes other incidents with the escalator, but the causes of those incidents are unknown. Shelton's testimony does not establish that Northpark Mall was on notice of the alleged defects. Finally, Plaintiff's discussion of problems with the escalator subsequent to her accident is

irrelevant to Northpark Mall's knowledge at the time of the injury. Defendant's motion is granted with respect to Plaintiff's claims against Northpark Mall.

**III.     Conclusion**

For the reasons explained above, the Court finds that Defendants' motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 7th day of July, 2009.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE